IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE WILLIAMS, #A65081             )<br>                                                          )<br>             Plaintiff,                        )<br>                                                          )<br>vs.                                                    )     Case No. 3:20-cv-00469-MAB<br>                                                          )<br>ROB JEFFREYS, et al.,                    )<br>                                                          )<br>             Defendants.                  )  | |

# **MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

Plaintiff Willie Williams, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred at Menard and Lawrence Correctional Center ("Lawrence").

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a)[1]. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] The Court has jurisdiction to screen Plaintiff's Complaint in light of his consent to the full jurisdiction of a Magistrate Judge and the Illinois Department of Corrections' limited consent to the exercise of Magistrate Judge jurisdiction, as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

1

## THE COMPLAINT

The Complaint, which is 91 pages with the exhibits, is confusing and, at times, incomprehensible and illegible. The Complaint fails to comport with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation must be simple, concise, and direct." FED.R.CIV.P. 8(a)(2), 8(d)(1). The purpose of the requirements is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Additionally, Plaintiff asserts claims for alleged violations of his rights that occurred while he was incarcerated at two IDOC facilities – the "Menard claims" and the "Lawrence claims." Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Under Rule 20, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *Id.* Federal Rule of Civil Procedure 21 grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

The Court can discern from the Complaint that the Menard claims and Lawrence claims involve different defendants and separate transactions and occurrences.

Accordingly, consistent with *George v. Smith* and Federal Rules of Civil Procedure 20 and 21, the Court will sever the Lawrence claims against Defendants Brookhart, McDonald, Taylor, Williams, Sneorly, Kessler, and McCarthy into a separate action. The Menard claims will remain in this case.

## IFP MOTION

In addition to the failure to comply with Rule 8, there is another issue that must be addressed as to the Menard claims. Along with the Complaint, Plaintiff filed an application for leave to proceed *in forma pauperis* ("IFP motion"). (Doc. 2). Plaintiff seeks the Court's permission to proceed without prepaying the $400.00 filing fee for this action. 28 U.S.C. § 1914(a). Under 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In this case, Plaintiff has tendered an affidavit of indigence that is sufficient as to form.

Plaintiff is nevertheless barred from proceeding IFP under 28 U.S.C. § 1915(g). Section 1915(g) prohibits a prisoner from bringing a civil action or appealing a civil judgment IFP, "if the prisoner has, on 3 or more prior occasions, while incarcerated or

3

detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Public records reveal that Plaintiff incurred four "strikes" within the meaning of 28 U.S.C. § 1915(g) before filing this action and is therefore subject to the three-strikes bar. *See Williams v. Mitchell, et al*, Case No. 93-cv-741-WLB (S.D. Ill., dismissed Oct. 6, 1994 as frivolous); *Williams v. Peters, et al*, Case No. 94-cv-365-JPG (S.D. Ill., dismissed March 8, 1995 as frivolous); *Williams v. Inman, et al*, Case No. 94-cv-669-WDS (S.D. Ill., dismissed Feb. 27, 1995 as frivolous); and *Williams v. Reese, et al*, Case No. 96-cv-734-WLB (S.D. Ill., dismissed March 18, 1997 as frivolous).[2] Because Plaintiff has four "strikes" for purposes of § 1915(g), he may not proceed IFP unless he is under imminent danger of serious physical injury.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpaglini*, 352 F.3d at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice"

---

[2] Plaintiff filed the 1993 and 1994 cases under his full name of "Willie Mitchell Williams" and the 1996 case under the name of "Willie M. Williams." Each case reflects his prisoner number of A56081.

to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id.* at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

Here, it appears Plaintiff is alleging an ongoing denial of medical care by Menard officials with regard to an infected eye. He states he is blind in one eye and needs immediate medical attention for the infected eye. Such a claim may permit Plaintiff to invoke the "imminent danger" exception to the three-strikes rule. However, due to the Rule 8 issues with the Complaint, the Court will defer ruling on the IFP Motion. Plaintiff may be able to proceed IFP on a denial of medical care claim if he can show he is in imminent danger and he amends his complaint to comply with Rule 8. The Court will, therefore, grant Plaintiff leave to file an Amended Complaint concerning the denial of medical treatment.

## DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff's claims against Deanna Brookhart, Roxanne McDonald, Jessie Taylor, Dorren Williams, Sgt. Sneorly, C/O Kessler, and L. McCarthy for occurrences that took place at Lawrence Correctional Center are **SEVERED** into a new case and they are **DISMISSED** as parties from this action. In the new case, the Clerk of Court is **DIRECTED** to file the following documents:

- This Memorandum and Order;
- The Complaint (Doc. 1); and
- Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2).

5

**IT IS FURTHER ORDERED** that, as to the remaining claims, Plaintiff's Complaint is **DISMISSED** without prejudice. Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **August 3, 2020** in accordance with this Order. If Plaintiff decides to file a First Amended Complaint, he should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights. A successful complaint generally alleges "the who, what, when, where, and how ...." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Plaintiff should attempt to include the relevant facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

If Plaintiff decides to file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 20-cv-00469). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a civil rights complaint form.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that a ruling on Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is **DEFERRED**.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 8, 2020**

/s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**